United States District Court
Southern District of Texas
**ENTERED**
October 30, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VINCENT WALLACE ALDRIDGE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-9078 |
| | § | CRIMINAL ACTION NO. 10-185-1 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Vincent Wallace Aldridge was found guilty by a jury on 19 counts relating to a mortgage fraud scheme. The details of the scheme are set out in the Fifth Circuit's opinion affirming Aldridge's conviction and need not be repeated here. See United States v. Isgar, 739 F.3d 829 (5th Cir. 2014).

On July 22, 2011, this Court sentenced him to 63 months imprisonment and three years supervised release, and ordered him to pay $891,000.00 in restitution. On October 13, 2026, Aldridge filed a petition for a writ of coram nobis, claiming that venue in this Court was improper because the government never proved that any of the wire transfers involved in the fraud scheme were initiated in this district, or resulted in any money passing through this district.

> "The writ of coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." Jimenez v. Trominski, 91 F.3d 767, 768 (5th Cir.1996); see also United States v. Peter, 310 F.3d

> 709, 712 (11th Cir.2002) ("A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255").

United States v. Esogbue, 357 F.3d 532, 534 (5th Cir. 2004).

Because it is an extraordinary remedy, "[c]ontinuation of litigation after final judgment and . . . waiver of any statutory right of review should be allowed . . . only under circumstances compelling such action to achieve justice." *Id.* at 535. Moreover, "[a] writ of coram nobis 'will issue only when no other remedy is available and when sound reasons exist[ ] for failure to seek appropriate earlier relief.'" United States v. Dyer, 136 F.3d 417, 422 (5th Cir. 1998) (quoting United States v. Morgan, 346 U.S. 502, 512 (1954)).

Aldridge raised issues related to his current venue argument in his motion to vacate, correct, or set aside sentence. In denying that motion, this Court found that the issue was not reviewable because it could have been raised on direct appeal, and that it lacked merit. See United States v. Aldridge, No. 4:10-cr-185, Docket Entry No. 382 at 25, 49. The Fifth Circuit affirmed. United States v. Aldridge, No. 15-20445 (5th Cir, Apr. 27, 2017). Thus, this issue has already been decided against Aldridge, and he fails to show sound reasons for failing to raise the issue in a Rule 29 motion. He is not entitled to relief.

C. Conclusion and Order

For the foregoing reasons, it is **ORDERED** that the petition for a writ of coram nobis (Civil Case Docket Entry No. 1; Criminal Case Docket Entry No. 499 ) is **DENIED**.

**SIGNED** at Houston, Texas, on this 30th day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE